IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00622-RJC
(3:09-cr-00224-RJC-1)

| | |
|---|---|
| SHEKETA HOKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On December 15, 2009, Petitioner and two co-defendants were indicted by the grand jury in this District on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 1); one count of armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Count 2); one count of conspiracy to use and carry a firearm, during and in relation to the conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 924(o) (Count 3); and one count of carrying a firearm during, in relation to, and in furtherance of the crime of bank robbery, and aiding and the same, all in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(A)(ii) and 2 (Count 4). (Criminal Case No. 3:09-cr-00224, Doc. No. 3: Indictment).

On January 21, 2010, Petitioner made her initial appearance before the magistrate judge

1

and the elements of the four counts in her indictment were explained to her along with the maximum penalties she faced upon conviction which included a mandatory term of seven-years' imprisonment if she was convicted on Count 4 based on the allegation that a firearm was brandished during the conspiracy to commit bank robbery. Petitioner addressed the court and acknowledged that she understood the elements of the charges that were filed against her and the maximum penalties. (Id., Doc. No. 69: Tr. of Initial Appearance).

On March 22, 2010, Petitioner appeared for her Plea and Rule 11 hearing before the magistrate judge and she was placed under oath and she averred that she had reviewed the charges with her attorney and that she was pleading guilty without a plea agreement. The Government then explained the elements of the four counts in her indictment and the minimum and maximum penalties Petitioner faced upon conviction, and Petitioner averred that she understood the charges and the penalties she faced. Petitioner affirmed that she had discussed how the U.S. Sentencing Guidelines might apply to her case with her attorney and Petitioner expressed that she understood that the court had not yet determined her applicable Guidelines range. Petitioner also averred that she would be bound by her guilty plea even if she received a sentence that was more severe that she expected. Petitioner admitted that no one had promised her any particular sentence and that no one had threatened, intimidated or coerced her into pleading guilty. Finally, Petitioner admitted that she was in fact guilty of the conduct charged in her indictment and that she was satisfied with the services of her attorney and that she wanted to thank him for being "straight up" with her. The court's questions, along with Petitioner's answers, were reduced to writing and reviewed by Petitioner, and she agreed that her answers were true and Petitioner's plea was accepted after the court found that it was knowing and

voluntary. (Id., Doc. No. 36: Acceptance and Entry of Guilty Plea; Doc. No. 71: Tr. of Plea and Rule 11 Hearing).

In Petitioner's Presentence Report ("PSR"), the probation applied a base offense level of 20 for the robbery conviction, and a two-level enhancement was applied because a financial institution was the subject of the robbery. Six additional levels were also added to her Guidelines range based of the amount of money involved in the robbery (more than $50,000 but less than $250,000); the fact that Petitioner was a leader of the robbery; and because a minor child was directed and encouraged to participate in the robbery. After adjusting for acceptance of responsibility, with a total offense level of 25 and Level II criminal history category, Petitioner faced a Guideline range of 63 to 78-months' imprisonment plus the mandatory consecutive of not less than 7-years. (Id., Doc. No. 53: PSR).

On December 22, 2010, Petitioner was sentenced to concurrent terms of 60-months' imprisonment on Counts 1, 2, and 3, and a mandatory consecutive term of 84-months on Count 4 for a total term of 144 months in prison. (Id., Doc. No. 61: Judgment).[1] Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner first challenged the validity of her guilty plea based on her contention that she never used or possessed a firearm during the conspiracy to commit bank robbery.[2] The Court rejected this argument after reviewing the Rule 11 proceedings in which Petitioner offered her sworn statement that she understood the charges against her and admitted

---

[1] The Court found that the Government had failed to present sufficient evidence that a two-level enhancement should apply based on Petitioner's role as a leader in the robbery. With this reduction, Petitioner's Guidelines range was lowered to 51-63 months.
[2] Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Petitioner was notified that she could file a *pro se* supplemental brief but she declined to do so.

that she was in fact guilty of the charged offenses, and that no one had coerced or pressured her into pleading guilty. See United States v. Hoke, 442 F. App'x 851, 852 (4th Cir. 2011) (unpublished). The Court also rejected Petitioner's contention that she should not have been assessed a two-level enhancement pursuant to § 3B1.4 of the U.S. Sentencing Guidelines Manual (USSG) (2009), for her use or direction of a minor child during the commission of her offenses. Petitioner's judgment was affirmed in all respects and she did not file a petition for a writ of certiorari.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On August 15, 2011, the Fourth Circuit affirmed Petitioner's conviction and sentence and Petitioner did not file a petition for a writ of certiorari from the Fourth Circuit's judgment, therefore Petitioner's criminal judgment became final on November 14, 2011, or 90 days after the Fourth Circuit affirmed her judgment. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's § 2255 Motion was filed, at the earliest, on November 7, 2013, which is the date that she avers she placed the motion in the prison's mailing system. (3:13-cv-00622, Doc. No. 1: § 2255 Motion at 12). See Houston v. Lack, 487 U.S. 266, 276 (1988).[3] Petitioner's § 2255 Motion is filed nearly one-year out of time and is due to be dismissed under § 2255(f)(1) unless she can demonstrate that another provision of § 2255(f) applies or establish a case for equitable tolling.

Petitioner claims that her petition is timely under § 2255(f)(3) because it was filed within one year from the date the Supreme Court issued its opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the defendant was charged with robbery affecting interstate commerce, among other offenses, in violation of 18 U.S.C. 1951(a), and using or carrying a

---

[3] Petitioner clearly appreciates that her § 2255 Motion was not filed within one year from the date that her judgment became final. She explains that equitable tolling should be applied to excuse her untimely filing for, among other reasons, her ignorance of the law, and because she has a claim based on the Supreme Court's opinion in Alleyne. (Id. at 11). Because Petitioner understands that her § 2255 Motion may be subject to summary dismissal as untimely, the Court finds that no warning need issue regarding timeliness.

5

firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).[4] The jury later convicted Alleyne of the charged offenses. The probation officer prepared a presentence report in advance of Alleyne's sentencing hearing and therein recommended a seven-year sentence based on a finding that he brandished the firearm during the robbery. Alleyne objected on the ground that the jury verdict form made it plain that they did not find beyond a reasonable doubt that he brandished the firearm during a crime of violence. The sentencing court overruled Alleyne's objection after concluding that whether he brandished the firearm was a question of fact to be resolved by the court in determining the applicable enhancements under the Guidelines, citing Harris v. United States, 536 U.S. 545 (2002). In Harris, the Court held that there was no Sixth Amendment violation of a right to a jury trial when a sentencing court found facts that increased the defendant's mandatory minimum sentence for a crime. Alleyne, 133 S. Ct. at 2155. In overruling Harris, the Alleyne Court found that the Sixth Amendment right to a jury trial was violated because "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id.

Petitioner's argument fails first and foremost because she pled guilty to conspiracy to commit bank robbery and the substantive crime of armed bank robbery, and she admitted that a firearm was brandished during the course of the conspiracy and the robbery. This Court affirmed the voluntary and knowing nature of her guilty plea during her sentencing hearing, and the Fourth Circuit likewise found that her guilty plea was valid. Petitioner's argument is also subject to dismissal because even if Alleyne were applicable to her case, it is of no moment because that

---

[4] Section 924(c)(1)(A) provides for a consecutive term of five years in prison upon conviction which increases to seven years if the defendant brandished the firearm during the underlying offense, and increased to ten years if the firearm was discharged during the commission of the offense.

decision has not been made retroactive on collateral review. See Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (citing United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2014). See also United States v. Stewart, 540 Fed. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (noting that Alleyne has not be made retroactive to cases on collateral review).

Finally, Petitioner cannot benefit from an equitable tolling of the one-year statute of limitations. In order to establish a case for equitable tolling, a petitioner must demonstrate that she has been (1) diligently pursuing her rights and (2) that there was an "extraordinary circumstance" which prevented a timely filing. See Holland v. Florida, 560 U.S. 631, 655 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner challenges her trial counsel's performance on a variety of grounds including claims that he failed to properly investigate her case prior to her guilty plea; provided erroneous or incomplete advice prior to her entry of her guilty plea; that he failed to present certain challenges to her indictment, and to the application of the Sentencing Guidelines. Petitioner also argues that her appellate counsel should have raised some or all of these claims in her direct appeal rather than merely filing an Anders brief. (3:13-cv-00622, § 2255 Motion).

Petitioner's plea for equitable tolling to allow her to argue that her trial counsel was ineffective must fail because the claims that she is raising were known, or should have been known with the exercise of any reasonable diligence, prior to the entry of her guilty plea or certainly at the time she was sentenced or within one year from the date her judgment became final. Likewise, Petitioner's claims against her appellate attorney must also fail because she

7

should have been able to present these claims on appeal through her pro se supplemental belief, however she declined to file a brief. Moreover, any challenges to the voluntary nature of her guilty plea based on erroneous advice or ignorance of the law is foreclosed by the Fourth Circuit's express finding that her plea was rightfully accepted after the Court reviewed the Rule 11 proceedings and found that her plea was knowing and voluntary. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion is untimely and she has failed to establish a case for equitable tolling and the motion will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's pro se motion for discovery and production of records is **DENIED**.[5]

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when

---

[5] In her motion, Petitioner has failed to present good cause that discovery is necessary to support her claims. See Rule 6 of the Rules Governing Section 2255 Proceedings.

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: December 11, 2015

Robert J. Conrad, Jr.
United States District Judge